**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF DEUTSCHE MORTGAGE & ASSET RECEIVING CORPORATION, COMM 2005-C6, COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES<br>c/o C-III Asset Management LLC<br>5221 N. O'Connor Blvd, Suite 600<br>Irving, TX 75039<br><br>Plaintiff,<br><br>v.<br><br>PT.DUME SHOPPING CENTER, LLC<br>9301 Wilshire Boulevard, Suite 610,<br>Beverly Hills, California 90210<br><br>Defendant. | CASE NO. 1:16-CV-00050<br><br>Judge |

**COMPLAINT IN MORTGAGE FORECLOSURE**

1. Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates ("Plaintiff"), acting by and through C-III Asset Management LLC, its special servicer and attorney-in-fact, is the trustee of a REMIC trust. Plaintiff is a national banking association organized under the National Bank Act, which exists under the authority of the Office of the Comptroller of the Currency, and is deemed to be a citizen of the State of South Dakota with its principal place of business at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. The main office of Plaintiff, as set forth in its articles of association, is located in the City of Sioux Falls, County of Minnehaha, State of South Dakota.

2. Plaintiff is the successor by assignment to PNC Bank, National Association (the "Original Lender") in connection with the Note and Mortgage at issue in this action, as hereinafter defined.

3. Upon information and belief, Defendant Pt. Dume Shopping Center, LLC ("Defendant") is a California limited liability company, with its principal place of business at 9301 Wilshire Boulevard, Suite 610, Beverly Hills, California 90210. Upon information and belief, the members of Defendant are not citizens of the State of South Dakota.

4. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the property that is the subject of the action is situated in the judicial district of this Court.

**The Loan**

6. On or about May 9, 2005, Original Lender made a loan to Defendant in the original principal amount of $3,775,000.00 (the "Loan") pursuant to the terms and conditions of that certain Promissory Note (the "Note") dated of even date therewith. A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit "A".

7. To secure payment of the sums due under the Note, Defendant executed and delivered to Original Lender that certain Leasehold Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Mortgage") dated as of May 9, 2005 thereby conveying to it a leasehold interest in the land hereinafter described, with the Mortgage, having been first duly acknowledged and the certificate of acknowledgement duly endorsed thereon, and recorded on May 13, 2005 in the State of Ohio, with the Lake County, Ohio Recorder's (the

"Recorder's Office") as Instrument Number 2005R019504. A true and correct copy of the Mortgage is attached hereto and made a part hereof as Exhibit "B".

8. The legal description of the mortgaged premises (the "Mortgaged Premises") is set forth on Exhibit "C" hereto. The Mortgaged Premises is located at 7721 Mentor Avenue, Mentor, Ohio. (Lake County Auditor' Parcel Number 16B031B000150).

9. To further secure payment of the sums due under the Note, Defendant executed that certain Assignment of Leases, Rents and Profits (the "Lease Assignment") in favor of Original Lender dated as of May 9, 2005 and recorded on May 13, 2005 with the Lake County, Ohio Recorder's Office as Instrument Number 2005R019505. A true and correct copy of the Lease Assignment is attached hereto and made a part hereof as Exhibit "D".

10. To further secure payment of the sums due under the Note, Defendant executed that certain Security Agreement And Lockbox Agreement (Single Tenant) (the "Lockbox Agreement") dated as of May 9, 2005; that certain Capital Improvement Escrow Agreement (the "Capital Improvement Escrow Agreement") dated as of May 9, 2005; and that certain TILC Escrow Agreement (the "TILC Escrow Agreement") dated as of May 9, 2005.

11. To further secure payment of the sums due under the Note, Defendant provided Original Lender with a security interest in, inter alia, the personal property of Defendant, together with other items and things more fully identified in those certain UCC-1 Financing Statements given by Defendant (the "UCC-1s") naming Defendant as Debtor and Original Lender as Secured Party, filed on May 11, 2005 with the California Secretary of State (the "Secretary of State") as File Number 05-7026491286 and recorded with the Lake County Record's Office on May 13, 2005 as Instrument Number 2005U000134.

12. Payment of the sums due under the Note is further secured by that certain Non-

Recourse Indemnification Agreement (the "Indemnity") dated as of May 9, 2005 given by Jerry Preston and Preston Family Trust Dated January 15, 1999 (each a "Guarantor" and collectively, the "Guarantors") in favor of Original Lender; and that certain Environmental Indemnity Agreement (the "Environmental Indemnity") dated as of May 9, 2005 given by Borrower and Guarantors in favor of Original Lender.

13. The Mortgage and other loan documents were assigned to Plaintiff pursuant to that certain Assignment of Mortgage Loan Documents (the "Assignment of Loan Documents") dated as of May 9, 2005 and recorded with the Lake County Recorder's Office on January 4, 2006 as Instrument No. 2006R000204. A true and correct copy of the Assignment of Loan Documents is attached hereto and made a part hereof as Exhibit "E".

14. The Note, Mortgage, Lease Assignment, Lockbox Agreement, Capital Improvement Escrow Agreement, TILC Escrow Agreement, Indemnity, Environmental Indemnity, UCC-1s and Assignment of Loan Documents, together with all other documents evidencing and/or securing the Loan, are collectively referred to as the "Loan Documents."

15. The premises, real and personal property, rights, interests, and all other items encumbered and/or described in the Loan Documents and all hereditaments and appurtenances thereto are referred to collectively as the "Mortgaged Premises."

16. The UCC-1s were assigned to Plaintiff pursuant to those certain UCC Financing Statement Amendments (the "UCC-3s") filed on August 25, 2006 with the Secretary of State as File Number 06-70828912 and recorded on February 3, 2006 with the Lake County Recorder's Office as Instrument Number 2006U000033. The UCC-3s were first continued on November 20, 2009 with the Secretary of State as File Number 0972148402. The UCC-3s were continued on November 24, 2014 with the Secretary of State as File Number 1474378061 and recorded on

December 9, 2014 with the Lake County Recorder's Office as Instrument Number 2014U000217.

17. Defendant is the record owner of the Mortgaged Property.

18. Plaintiff is the current holder of the Note and Mortgage and has physical possession of the original Note.

19. Upon Information and belief, the Mortgage, Lease Assignment, UCC-1s, and UCC-3s are the first and best liens on the Mortgaged Property, excepting the lien for real estate taxes, as evidenced by the Commitment for Title Insurance (the "Title Commitment") effective December 30, 2015, a copy of which is attached hereto and made part hereof as Exhibit "F".

**Defendant's Defaults**

20. Defendant is in default of its obligations under the Loan Documents for, *inter alia*, failing to pay the balance of the principal sum, any unpaid interest and any other amounts due under the Loan Documents (the foregoing, collectively, the "Indebtedness") on or before June 1, 2015 (the "Maturity Date").

21. As a result of Defendant's default, principal and interest, including interest at the default rate, late charges, and other charges and costs continue to accrue as more specifically set forth in the Loan Documents.

22. Defendant is also in default for failing to remit to Plaintiff the Gross Income, as that term is defined in the Lockbox Agreement. Specifically, and as of June 1, 2015 and continuing to the present, and contrary to its obligations under the Loan Documents, Defendant has only made partial remittances of Gross Income.

23. Furthermore, Defendant is in default of the cross-collateralization provisions of the Mortgage. See Exhibit B, pp. 36. The Mortgage also served to secure the indebtedness

evidenced by other promissory notes executed by Defendant and secured by Defendant's other properties.

24. In particular, the Mortgage secured a promissory note in the amount of $3,775,000.00 which said additional note is secured by, among other things, a Leasehold Mortgage, Security Agreement and Assignment of Leases and Rents from Defendant to Plaintiff, covering certain improved real property located in Canton, Ohio known as Petco, Canton, Ohio (the "Petco, Canton, Ohio Property").

25. In violation of the Assignment of Leases and Rents for the Petco, Canton, Ohio Property, Defendant improperly terminated a lease for the Petco, Canton, Ohio Property and entered into that certain Termination of Lease and Release Agreement (the "Lease Termination Agreement") dated as of February 19, 2014 without Plaintiff's consent, in direct contravention of the Assignment of Leases and Rents. A true and accurate copy of the Petco, Canton, Ohio Property Assignment of Leases and Rents is attached as Exhibit "G". A true and accurate copy of the Petco, Canton, Ohio Property Lease Termination Agreement is attached as Exhibit "H".

26. Defendant agreed to an early lease termination of Defendant's lease (the "Petco Lease") with Petco Animal Supplies Stores, Inc. ("Tenant"), and further agreed to accept a Termination Payment, under the Lease Termination Agreement, as defined therein, in the amount of $1,000,000.00 from Tenant. Borrower thereafter entered into a lease for the Property with BargMax (the "New Lease").

27. Defendant failed to pay to Plaintiff the Termination Payment and also failed to accurately account for the Termination Payment in its year end 2014 Operating Statement ("2014 Operating Statement") as required by the parties' agreements.

28. Defendant's actions with regard to the Petco, Canton, Ohio Property constituted

defaults under the Petco, Canton, Ohio Property loan documents and, therefore, an Event of Default pursuant to the Cross-Default provision in paragraph l.(b) of the Mortgage. See Exhibit "C", pp. 37.

29. Payment of the balance of the Indebtedness (together with attorneys' fees and costs and continuing interest, as more fully described below, collectively, the "Indebtedness") remains due and owing. As of December 21, 2015, Defendant owes:

| | |
|---|---|
| Principal: | $3,000,626.39 |
| Note Interest at 5.6% (paid thru 12/31/15): | $0 |
| Default Interest at 4.0% (2/19/14 - 12/21/15): | $237,946.92 |
| Late Fees: | $159,235.70 |
| Noteholder Costs and Expenses: | $33,099.59 |
| Protective Advances (Title update): | $2,314.00 |
| Doc/Process/Release Fee: | $500.00 |
| **Total:** | **$3,433,722.61** |

In addition thereto, and consistent with the terms and conditions set forth in the Loan Documents, Defendant owes Plaintiff continuing attorneys' fees and costs together with per diem interest at the regular rate and continuing per diem interest at the default rate until the Mortgaged Property is sold at foreclosure sale, as well as costs incurred to confirm and complete the foreclosure. See Affidavit of Christopher Hamilton attached hereto and made a part hereof as Exhibit "I".

## FIRST CAUSE OF ACTION – BREACH OF PROMISSORY NOTE

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. The Note is a valid and enforceable agreement between Plaintiff and Defendant.

32. Plaintiff has fully complied with all of its obligations contained in the Note.

33. Defendant has breached the Note and defaulted under its obligations set forth in the Note by failing to pay the entire amount of the Indebtedness on or before the Maturity Date.

34. The entire amount of the Indebtedness remains due and owing as of the date of this Complaint.

35. As a result of Defendant's breach, Plaintiff has suffered, and will continue to suffer, monetary damage in the amount of $3,433,722.60, plus interest, costs and ongoing attorneys' fees.

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC in the amount of $3,433,722.61, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

**SECOND CAUSE OF ACTION- BREACH OF LOCKBOX AGREEMENT**

36. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. The Lockbox Agreement is a valid and enforceable agreement between Plaintiff and Defendant.

38. Plaintiff has fully complied with all of its obligations contained in the Lockbox Agreement.

39. Defendant has breached the Lockbox Agreement and defaulted under its

obligations set forth in the Lockbox Agreement by failing to remit to Plaintiff the Gross Income, as that term is defined in the Lockbox Agreement. Specifically, and as of June 1, 2015 and continuing to the present, and contrary to its obligations under the Loan Documents, Defendant has only made partial remittances of Gross Income.

40. As a result of Defendant's breach, Plaintiff has suffered, and continues to suffer, monetary damage in the amount of in excess of $75,000.00, to be proven at trial.

WHEREFORE, the Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC in the amount of excess of $75,000.00, to be proven at trial, plus prejudgment interest, post-judgment interest, attorneys' fees, costs, and any additional relief deemed just and appropriate.

**THIRD CAUSE OF ACTION – MORTGAGE FORECLOSURE**

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Defendant is a party herein because it is an obligor and mortgagor under the Loan Documents, and to extinguish any interest that it has or may have in and to the Mortgaged Property.

43. Any interest or lien which any defendant herein has, or may claim to have, in or upon the Mortgaged Property, or any part thereof, is subject and subordinate to the liens of the Mortgaged, Assignment of Loan Documents and UCC-3s.

44. Plaintiff has a valid and subsisting first mortgage on the Mortgaged Property, excepting the lien for real estate taxes, and is entitled to foreclose on its lien.

WHEREFORE, Plaintiff, Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Deutsche Mortgage & Asset Receiving Corporation, COMM 2005-C6, Commercial Mortgage Pass-Through Certificates, hereby demands judgment in its favor and against Defendant Pt. Dume Shopping Center, LLC as follows:

A. Fixing the amount due under the Note and the Mortgage at $3,433,722.61 together with continuing per diem thereon in the amount of $466.76 at the regular rate from and after December 31, 2015 and continuing per diem interest thereon in the amount of $333.40 at the default rate from and after December 21, 2015, until the Mortgaged Property is sold at foreclosure sale, together with any and all other amounts advanced by Plaintiff during the pendency of this action, together with attorneys' fees and costs of this action;

B. Ordering that the liens of the Mortgage, Assignment of Loan Documents, and the UCC-3s be adjudged valid and subsisting first liens on the Mortgaged Property, excepting the lien for real estate taxes;

C. Ordering that the Mortgage be foreclosed and cancelled;

D. Foreclosing all right, title, lien and equity of redemption which said Defendant and all those claiming by, through or under it have or had in the Mortgaged Property and ordering that said Mortgaged Property be sold;

E. Finding that Defendant has knowingly and voluntarily waived any and all statutory right of redemption, which Defendant and all those claiming by, through or under it has or had in the Mortgaged Property;

F. Ordering that the Mortgaged Property be sold and the proceeds of such sale be applied first in payment of the judgment of the Plaintiff;

G. Ordering that Defendant be required to set forth any claim, lien or interest which he, she or it may have or claim to have in or upon the Mortgaged Property or be forever barred therefrom;

H. Ordering that all liens be marshaled;

I. Ordering that Plaintiff may exercise its rights as to all rents, issues and profits generated by or associated with the Mortgaged Property and apply such rents, issues and profits to amounts due and owing Plaintiff pursuant to the Note;

J. Ordering that Plaintiff be entitled to an immediate order of possession to recoup the collateral described in the UCC-3s or, in the alterative, to have such collateral included in the appraisal of the Mortgaged Property and auctioned off as part of the Mortgaged Property;

K. Appointing a receiver to operate and manage the Mortgaged Property during the pendency of this action, and authorizing said receiver to make and conduct a public sale of the Mortgaged Property pursuant to 28 U.S.C. § 2001;

L. For all costs and expenses, including attorneys' fees, incurred by Plaintiff in pursuing this action; and

M. Ordering such other relief as this Honorable Court shall deem appropriate.

DINSMORE & SHOHL LLP

Date: January 8, 2016

By: *s/Joseph C. Krella*

Joseph C. Krella, Esquire (0083527)
Fifth Third Center
1 S. Main St., Suite 1300
Dayton, OH 45402
T: (937)463-4926; F: (937)449-6405
joseph.krella@dinsmore.com
*Attorney for Plaintiff*